R-352



# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 5, 1947

Hon. L. A. Woods
State Superintendent of Public Instruction
Department of Education
Austin, Texas                    Opinion No. V-181

Attention:  Hon. T. M. Trimble,  Re:  Election of consolidated
            First Assistant            independent school district
                                       trustees when district's
                                       area is comprised of two
                                       former independent school
                                       districts.

Dear Sir:

        We refer to your letter of April 9, 1947, acknowledged
by the Attorney General on April 15, 1947, wherein you request an
opinion from this Department concerning a consolidated independ-
ent school district trustee election and wherein the facts sub-
mitted are, in substance, as follows:

        Two independent school districts were legally
    consolidated in 1946 in accordance with the provi-
    sions of Article 2806, V.C.S., as amended by Acts
    1945, 49th Legislature, Ch. 264, page 416.

        Article 2806, as amended, provides in part:

        ". . . provided, if two (2) or more independent
    school districts are included in such consolidation
    the consolidated district shall bear the name as pre-
    scribed in the petitions for consolidation but such
    name shall include the words 'Consolidated Indepen-
    dent School District,' but the board of trustees of
    the independent school district having the greatest
    number of scholastics at the time of such consolida-
    tion shall serve as the board of trustees of the con-
    solidated district until the next regular election of
    trustees, as prescribed by general law, at which
    time the consolidated district shall elect a board of
    seven (7) trustees, <u>at least two (2) of which trustees
    shall be elected from the area of each former inde-
    pendent district included in said consolidation,</u> whose
    powers, duties, and terms of office shall be in accord-
    ance with the provisions of the general laws as they

now exist or may hereafter be enacted; . . ."

The trustees of the larger district have held over as provided by law and seven trustees are to be selected by an election on the first Saturday in April, 1947.

In the two districts involved, there are ten candidates for the board of trustees, nine of whom reside in one of the former independent school districts and only one of whom resides in the other independent school district.

Query: Which trustees shall be declared elected? If the candidate from the other independent school district gets the lesser number of votes, is he mandatorily elected, or are the seven candidates who receive the largest number of votes elected trustees of the new board?

In Opinion No. 0-6989, attached hereto, this Department advised that, when under Article 2806, V.C.S., as amended by the 49th Legislature, one or more common school districts are consolidated together with one or more independent school districts, the consolidated district constitutes an independent school district and has the rights and privileges granted to independent school districts by the laws of this State. It was also pointed out therein that Section 3 of Article 2774a, V.C.S., applies to all consolidated districts, both common and independent, except as modified by Article 2806, V.C.S., as amended.

Under Article 2806, as amended, when independent school districts are consolidated together, the new district constitutes a "Consolidated Independent School District," and has all the rights and privileges granted to independent school districts by the laws of this State. The trustees of the independent school district having the greatest number of scholastics at the time of consolidation shall serve as the Board of Trustees of the consolidated district until the next regular election of Trustees as prescribed by the general laws applicable thereto, the same being Article 2776, V.C.S., which provides the election procedure for independent school district trustees, and Article 2774a, Section 3, V.C.S., as modified by Article 2806, as amended, which specifically governs the election and terms of office of consolidated school district trustees.

Since Articles 2806, as amended, and 2774a, Section 3, expressly provide for the election of trustees of consolidated independent school districts, Article 2777, V.C.S., has no application to the instant question, the latter statute being applica-

ble only to the election of trustees of independent school districts.

When a new consolidated district contains at least two former independent school districts, Article 2806, as amended, expressly provides that at the next regular election of trustees, as prescribed by the general law, the consolidated district shall elect seven trustees "at least two (2) of which trustees shall be elected from the area of each former independent district included in said consolidation." We think the statutory provision, above quoted, is clear, free from ambiguity, and there is no necessity for a construction thereof. The intent of the Legislature is plain that when two or more independent school districts are consolidated together to form a consolidated independent school district, the school areas of each of those former independent districts shall have representation on the Board of Trustees of the consolidated independent school district to the extent of at least two trustees.

We believe the provisions of the statutes, as above noted and discussed, govern the election and terms of office of trustees of consolidated independent school districts of the type in question. Accordingly, in answer to your question, we are of the opinion that those five of the nine candidates who received the largest number of votes at the recent trustee election, and who are from that former independent school district area, now a part of the new consolidated district, are elected as trustees of the consolidated board. Further, the one candidate receiving votes and being from the remaining former independent school district area, now a part of the consolidated district, is elected as an unopposed candidate. The area of the latter former independent school district being entitled to a representation on the consolidated district board of two members, under the provisions of Article 2806, as amended, if follows that there is a vacancy on the board, which vacancy may be filled by remaining members of the board, the board appointing as member a person from the area entitled to a representation of at least two members.

## SUMMARY

In the first election of trustees for a consolidated independent school district, consolidated under the provisions of Article 2806, V.C.S., as amended, at least two trustees must be elected from each former independent school district. Where nine candidates are from the area of one of the former independent school districts and only one candidate from the area of the remaining former independent school district, the five persons from the area having nine can-

didates who receive the largest number of votes, are elected as trustees of the consolidated district board. The one candidate from the area of the remaining former independent school district is elected as a member of said board. The seventh place must be filled by a new election or appointment of a trustee from the area with only one representative on the board.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By s/Chester E. Ollison
    Chester E. Ollison
    Assistant

CEO:wb:djm:erc:sl:wc


APPROVED MAY 5, 1947
s/Price Daniel
ATTORNEY GENERAL OF TEXAS